IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARY WISTROM,

        Plaintiff,        OPINION AND ORDER

v.

                        11-cv-515-wmc

KENNETH BLACK,

        Defendant.

---

The court held a final pretrial conference on September 18, 2012, during which the court decided plaintiff's motion for reconsideration, the parties' respective motions in limine, objections to exhibits and other issues. In light of the parties' submission and argument at the hearing, and rulings at the conference, the court enters the following opinion and order.

OPINION

**I.  Motion for Reconsideration**

The court granted summary judgment to defendant Kenneth Black on plaintiff's claim that defendant had made plaintiff Gary Wistrom's working conditions so unbearable as to amount to a constructive discharge. Wistrom has moved for reconsideration of this. (Dkt. #90.) Wistrom contends that the court erred because there is a factual dispute as to whether the Department was genuinely willing to allow him a flexible work schedule while he transitioned to Madison. The fundamental problem with Wistrom's version of the facts is that even accepting *the Department* was

simply paying lip service in appearing flexible in writing, offering certain accommodations and silence as to his request for others, Wistrom could have (1) reported to the central office in Madison, insisting that he needed to work remotely until he relocated to Madison; (2) sought FMLA leave (since he specifically tied his inability to commute for a short period of time before relocation to his disability and his wife's health condition); or (3) simply refuse to commute pending a definitive decision by *Black* as to his request to work remotely.

Instead, after making a single trip to Madison to report, Wistrom concluded he could not endure even a temporary commute and quit without giving anyone in the Department, much less the defendant Black, an opportunity to further address this problem.  The court agrees with plaintiff that a jury must consider whether a reasonable employee in Wistrom's shoes would find a reassignment requiring even a temporary commute unbearable, but first it must find that this or other equally unbearable options were the only options being offered.  The court still finds that Wistrom has failed to meet this burden at summary judgment.  *See, e.g., Grube v. Lau Indus., Inc.*, 257 F.3d 723, 728 (7th Cir. 2001) ("An employee who quits without giving his employer a reasonable chance to work out a problem has not been constructively discharged." (internal citation omitted)); *Perry v. Harris Chernin, Inc.*, 126 F.3d 1010, 1015 (7th Cir. 1997) ("[U]nless conditions are beyond 'ordinary' discrimination, a complaining employee is expected to remain on the job while seeking redress.").  By failing to give his employer more than a few weeks to work out what was a temporary issue as to his inability to drive long

distances, Wistrom denied Black a reasonable opportunity to accommodate his growing concern with a temporary commute.

Wistrom also points to recent deposition testimony indicating that other members of the Department, in particular Amy Franke, the head of human resources, speculated that Wistrom may resign instead of accepting the reassignment. (Pl.'s Mot. (dkt. #90) 7.) Even assuming Franke's speculation as to Wistrom's possible resignation could be imputed to defendant Black, the defendant's belief (even hope) that the plaintiff may resign does not relieve Wistrom's obligation to act in an objectively reasonable manner before quitting. Here, Wistrom's working conditions were not so unbearable, nor his employer's position so inflexible, that a reasonable jury could find he was justified in quitting.[1]

## II. Motions in Limine

In addition to the straightforward rulings on motions in limine discussed at the final pretrial conference or subsequently conceded, which are set forth in the order below, the court will address two subjects raised in those motions.

### A. Defendant's hiring and firing decisions

Evidence as to the fact of Nitschke's termination and subsequent ERD complaint will be allowed in for the purposes of establishing Black's motive to retaliate, but all other hiring and firing decisions are excluded, unless Black opens the door.

---

[1] While the court denies Wistrom's motion for reconsideration at this time, the court will allow plaintiff to revisit this issue at the close of his case-in-chief.

### B. Black's statements

If Black acknowledges making the statement about "old white men," then there will be no need for further testimony beyond Wistrom. As anticipated, if Black disputes making this statement, then evidence of his making that statement or similar statements to others will be allowed to demonstrate his motive to retaliate. At some point these statements will be deemed cumulative.

## III. Stipulation

The parties have agreed that Wistrom engaged in protected activity by supporting Nitschke's discrimination complaint. Accordingly, that element will not be submitted to the jury for consideration. The court will circulate revised version of the instructions and will address any additional questions or concerns at the hearing scheduled for Monday, September 24, 2012 at 8:30 a.m.

## ORDER

IT IS ORDERED that:

1) Plaintiff Gary Wistrom's motion for reconsideration (dkt. #90) is DENIED; plaintiff may reasserts the motion at the end of liability.

2) Plaintiff's motion in limine no. 1 (dkt. #78) to preclude testimony or other evidence regarding plaintiff's complaints of sex and race discrimination that were dismissed by the court is GRANTED as unopposed.

3) Plaintiff's motion in limine no. 2 (dkt. #79) to preclude testimony or other evidence regarding the defendant's finances, financial status or ability to pay is GRANTED as unopposed.

4) Plaintiff's motion in limine no. 3 (dkt. #80) to preclude testimony or other evidence regarding the defendant's hiring, firing or other personnel decisions

concerning individuals who did not engage in protected activity is GRANTED IN PART AND DENIED IN PART; the motion is denied as to Nitschke's termination and granted in all other respects.

5) Defendant's motion in limine no. 1 (dkt. #81) to preclude evidence or argument that Black treated employees other than the plaintiff unfairly because of a protected status is GRANTED IN PART AND DENIED IN PART; the motion is denied as to Nitschke's termination, but granted as to other employees, in light of the state's stipulation that Wistrom engaged in protected conduct in supporting Nitschke's discrimination claim.

6) Defendant's motion in limine no. 2 (dkt. #82) to preclude evidence or argument about Black's efforts to create a "diverse work force" were discriminatory against Caucasians, males or Caucasian males is GRANTED IN PART AND DENIED IN PART; the motion is denied as to Black's alleged statements about "old while men" or "old white guys" but granted in all other respects.

7) Defendant's motion in limine no. 3 (dkt. #83) to preclude evidence or argument about Black's membership in "100 Black Men" is GRANTED.

8) Defendant's motion in limine no. 4 (dkt. #84) to preclude evidence of other legal proceedings filed against Black and/or the Department is GRANTED IN PART AND DENIED IN PART; the motion is denied as to Nitschke's ERD complaint but granted in all other respects.

9) Defendant's motion in limine no. 5 (dkt. #85) to preclude evidence or argument about Scocos' pending litigation is GRANTED as unopposed.

10) Defendant's motion in limine no. 6 (dkt. #86) to preclude evidence or argument related to age and/or disability including all remarks about "old white guys" is GRANTED IN PART AND DENIED IN PART; the motion is denied as to remarks about "old white guys" and denied as to Wistrom's own disabilities, but granted in all other respects.

11) Defendant's motion in limine no. 7 (dkt. #87) to permit the testimony of the Department's attorney during the damages phase of this trial regarding the offer of reinstatement made to the plaintiff is DENIED, subject to reconsideration if the court allows the jury to consider whether Wistrom was constructively discharged.

12) The parties should consider whether any of the witnesses on their respective lists are impacted by the court's decisions on the motions in limine. If so, the parties should consult with each other to determine whether certain

witnesses should be removed from the lists and inform the court at the pretrial conference scheduled for Monday morning at 8:30 a.m.

13) The parties should consult with each other to determine the portions of Brian Marshall's deposition to be read to the jury. The parties should raise any disputes with the court Monday morning.

14) The court will meet with the parties at 8:30 a.m. on Monday, September 24, 2012 to discuss any remaining issues.

Entered this 21st day of September, 2012.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge